# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY REX ABRAMS** : | |
| Plaintiff : | **CIVIL COMPLAINT** |
| vs. : | NO. _____ |
| **STEVEN CALEB JOHNSON** : | **Jury Demanded** |
| **POLICE OFFICER KOZUHOWSKI** : | |
| **BOROUGH OF NEW HOPE** : | |
| Defendants : | |

1. This is action is brought under 42 U.S.C. § 1983 and Pennsylvania common law seeking damages for violations of the plaintiff's federal constitutional rights.

2. Plaintiff, Gary Rex Abrams, is an adult individual residing at 4 Runnemede Village II, New Hope, Pennsylvania in the Eastern District of Pennsylvania.

3. Defendant, Steven Caleb Johnson, is an adult individual who at all relevant times was employed as a police officer with the New Hope Borough Police Department.

4. Defendant Police Officer Kozuhowski, is an adult individual who at all relevant times was employed as a police officer with the New Hope Borough Police Department.

5. Defendant New Hope Borough is a local political subdivision and/or government in the Commonwealth of Pennsylvania, County of Bucks.

6. At all relevant times, Police Officer Kozuhowski was acting as a supervisor, superior or officer in command of Steven Caleb Johnson.

7. This incident involves an arrest and prosecution for Driving Under the Influence of a Controlled Substance initiated by Steven Caleb Johnson against Gary Rex

1

Abrams.

8. All relevant facts and circumstances occurred in Bucks County, Pennsylvania and within the territorial bounds of the Eastern District of Pennsylvania.

9. At all relevant times, Defendant Johnson was purporting to act under color of state law while working as a police officer for the New Hope Borough Police Department.

10. At all relevant times, Defendant Johnson was acting so as to deny Mr. Abrams his rights under the United States Constitution and Pennsylvania common law.

## Factual Background

11. Plaintiff reincorporates all preceding paragraphs.

12. On March 12, 2024, Plaintiff Abrams was operating a U-Haul truck on South Main Street in New Hope, Pennsylvania.

13. Defendant Johnson was on duty and working as a police officer on that date in that area.

14. Defendant Johnson initiated a traffic stop of Mr. Abrams after allegedly viewing one or more traffic infractions.

15. Because Defendant Johnson was either new or untrained, he called for the assistance of Defendant Kozuhowski.

16. Defendant Kozuhowski in fact traveled to the scene, assisted, directed and supervised Defendant Johnson.

17. Mr. Abrams was cooperative with Mr. Johnson during the traffic stop.

18. During the traffic stop, Johnson requested that Abrams submit to field sobriety tests as well as a Portable Breath Test (PBT).

19. Throughout the duration of the traffic stop, Mr. Johnson repeatedly sought input and direction from Defendant Kozuhowski.

20. In an affidavit of probable cause, Johnson alleged that Mr. Abrams failed the field sobriety tests but that the PBT revealed Mr. Abrams was not under the influence of alcohol.

21. Undeterred, Johnson transported Abrams against his will to a hospital where Abrams was forced to give a blood sample for chemical testing.

22. Prior to the results of the chemical test being received, Johnson filed a criminal complaint against Mr. Abrams, charging him with Driving Under the Influence of Controlled Substance in violation of 75 Pa.C.S. 3802(d)(1), a misdemeanor, thereby initiating a prosecution against him.

23. The affidavit of probable cause submitted to the magistrate did not advise the magistrate that the blood results had yet to be analyzed or tested.

24. There may have been intentional or reckless misstatements and/or omissions of material fact in the affidavit of probable cause.

25. All of Defendant Johnson's behaviors were done either at the direction of, with the blessing of or with the ratification of Officer Kozuhowski.

26. Ultimately, the chemical testing revealed that Mr. Abrams was not under the influence of any controlled substance.

27. The prosecution was terminated in Mr. Abrams' favor during the pendency of the prosecution.

28. As a result of Johnson's conduct, Mr. Abrams incurred loss of liberty, bodily intrusion, legal expenses, anxiety, worry as well as negative impact to his reputation in

the community.

29. At times, defendant may have engaged in willful misconduct and/or acted in a fashion that was neither contemplated nor expected by his superiors and/or employers.

### Count 1: § 1983/U.S. Const. amend. IV/False Imprisonment
### Gary Rex Abrams v. Steven Caleb Johnson

30. Plaintiff reincorporates all preceding paragraphs.

31. On or about March 12, 2024, Defendant Johnson placed Mr. Abrams into custody and transported him against his will to one or more locations.

32. Mr. Abrams was not free to leave during the relevant period of time.

33. Mr. Johnson did not have probable cause to believe that Mr. Abrams was involved in criminal activity.

34. Said imprisonment was unlawful and amounted to an unreasonable seizure under the Fourth Amendment to the United States Constitution.

35. Mr. Abrams suffered a deprivation of his liberty consistent with the concept of seizure as a consequence of a legal proceeding, including being held against his will, transported against his will, being prosecuted in a court of law and being forced to give a sample of his blood.

36. Any and all proceedings arising out of the events of March 12, 2024 were terminated in Mr. Abrams' favor.

**WHEREFORE**, and for all of the foregoing reasons, Plaintiff, Gary Rex Abrams requests judgment against Defendant Steven Caleb Johnson for compensatory damages, punitive damages, interest, costs and/or any other amount permissible under the law.

**Count 2: § 1983/Malicious Prosecution**
**<u>Gary Rex Abrams v. Steven Caleb Johnson</u>**

37. Plaintiff reincorporates all preceding paragraphs.

38. On or about March 20, 2024, the defendant Johnson initiated a criminal proceeding against the plaintiff.

39. The criminal proceeding ended in the plaintiff's favor.

40. The proceeding was initiated without probable cause.

41. The defendant acted maliciously and/or for a purpose other than bringing the plaintiff to justice.

42. The plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding.

**WHEREFORE**, and for all of the foregoing reasons, Plaintiff, Gary Rex Abrams requests judgment against Defendant Steven Caleb Johnson for compensatory damages, punitive damages, interest, costs and/or any other amount permissible under the law.

**Count 3: False Imprisonment/Restatement (2d) Torts § 35**
**<u>Gary Rex Abrams v. Steven Caleb Johnson</u>**

43. Plaintiff reincorporates all preceding paragraphs.

44. On or about March 12, 2024, Defendant Johnson placed Mr. Abrams into custody and restricted his freedom and liberty of movement.

45. Defendant Johnson did so without probable cause to believe that Mr. Abrams committed a crime or was otherwise involved in criminal activity.

46. Said confinement of Mr. Abrams was unlawful and in violation of Pennsylvania common law.

**WHEREFORE**, and for all of the foregoing reasons, Plaintiff, Gary Rex Abrams requests judgment against Defendant Steven Caleb Johnson for compensatory damages, punitive damages, interest, costs and/or any other amount permissible under the law.

### Count 4: Malicious Prosecution/Restatement (2d) Torts § 671
### <u>Gary Rex Abrams v. Steven Caleb Johnson</u>

47. Plaintiff reincorporates all preceding paragraphs.

48. On or about March 20, 2024, the defendant Johnson initiated a criminal proceeding against the plaintiff.

49. In doing so, defendant acted with Malice.

50. Mr. Johnson did not have probable cause to believe that Mr. Abrams committed a crime or was otherwise involved in criminal activity.

51. The criminal proceeding ended in the plaintiff's favor.

52. The prosecution was therefore unlawful and in violation of Pennsylvania common law.

**WHEREFORE**, and for all of the foregoing reasons, Plaintiff, Gary Rex Abrams requests judgment against Defendant Steven Caleb Johnson for compensatory damages, punitive damages, interest, costs and/or any other amount permissible under the law.

### Count 5: § 1983/Supervisory Liability
### <u>Gary Rex Abrams v. Police Officer Kozuhowski and Borough of New Hope</u>

53. Plaintiff reincorporates all preceding paragraphs.

54. On or about March 12, 2024, Defendant Police Officer Kozuhowski was on scene and acting in a supervisory and/or training role to Defendant Johnson.

55. Officer Kozuhowski was actively participating in the investigation, advising and supervising Johnson and was a proximate cause of the arrest and ultimate prosecution of plaintiff.

56. All of the actions complained of were done at the behest of, the direction of, with the blessing of and/or with the ratification of Defendant Kozuhowski.

57. Officer Kozuhowski and Borough of New Hope are thus liable under theories of supervisory liability.

**WHEREFORE**, and for all of the foregoing reasons, Plaintiff, Gary Rex Abrams requests judgment against Defendants Borough of New Hope and Offier Kozuhowski for compensatory damages, punitive damages, interest, costs and/or any other amount permissible under the law.

### Count 6: § 1983/Monell Liability
### Gary Rex Abrams v. Borough of New Hope

58. Plaintiff reincorporates all preceding paragraphs.

59. On or about March 12, 2024, there was a policy, usage or custom within the Borough of New Hope – and more specifically – within the New Hope Police Department pertaining to arrests for Driving Under the Influence.

60. The policy, usage or custom in question allowed for police officers to make arrests and initiate prosecutions for driving under the influence prior to receiving results of chemical testing of individual defendants.

61. It is believed and therefore averred that this policy, custom or usage was either formally enacted and written by the chief of police or his designee or, in the alternative, this practice was routinely employed and followed by police officers in the New Hope Borough Police Department such that it was akin to a formal, written policy or

procedure.

62. Officers were specifically trained in this policy, usage or custom.

63. Defendants Johnson and/or Kozuhowski were acutely aware of this policy, usage or custom and were following the same on the day of the incident.

64. Acting pursuant to this policy, usage or custom, Defendant Johnson initiated a prosecution against Mr. Abrams.

65. Similarly acting pursuant to this policy, usage or custom, Defendant Kozuhowski encouraged, directed and/or ratified Mr. Abrams' arrest and prosecution on the day in question.

66. It is averred that this was the driving force behind Mr. Abrams' wrongful arrest and prosecution.

67. It is averred that this policy, usage or custom has resulted in wrongful arrests and prosecutions in the past.

**WHEREFORE**, and for all of the foregoing reasons, Plaintiff, Gary Rex Abrams requests judgment against Defendants Borough of New Hope for compensatory damages, punitive damages, interest, costs and/or any other amount permissible under the law.

Respectfully submitted:

*Jason Javie*
_____
**JASON JAVIE**
**Attorney for Gary Rex Abrams**
Two Penn Center, Suite 1815
1500 John F. Kennedy Boulevard
Philadelphia, Pennsylvania  19102
(215) 563-7642
(215) 563-9145 (Fax)
jason.javie@crllaw.com